SEALED

FILED

NOV 14 2019

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE INITIAL
INTERCEPTION OF WIRE COMMUNICATION
AND ELECTRONIC COMMUNICATION
OCCURRING OVER VERIZON WIRELESS
TELEPHONE (423) 331-8108, SUBSCRIBED TO
BY AN UNKNOWN TRACFONE SUBSCRIBER
AND THE DISCLOSURE OF LATITUDE AND
LONGITUDE DATA

Case No: 1:19-mc-5090
Judge McDonough

**FILED UNDER SEAL**

IN THE MATTER OF AN APPLICATION OF
THE UNITED STATES OF AMERICA FOR AN
ORDER AUTHORIZING THE INITIAL
INTERCEPTION OF WIRE
COMMUNICATIONS AND CONTINUED
INTERCEPTION OF ELECTRONIC
COMMUNICATIONS AND TRANSACTIONAL
RECORDS FOR FACEBOOK ACCOUNT
100001474317777, SUBSCRIBED TO BY
MATTHEW MOORE

## APPLICATION

Kyle J. Wilson, Applicant and Assistant United States Attorney for the Eastern District of

Tennessee, being duly sworn, states:

1.      Applicant is an "investigative or law enforcement officer" of the United States within the

meaning of Section 2510(7) of Title 18, United States Code; that is, an attorney authorized by

law to prosecute or participate in the prosecution of offenses enumerated in Section 2516 of Title

18, United States Code. Applicant is also an "attorney for the government," as defined in Rule

1(b) of the Federal Rules of Criminal Procedure and, pursuant to Section 2516(3) of Title 18,

United States Code, is authorized to make an application to a federal judge of competent

jurisdiction for an order authorizing or approving the interception of wire and electronic communications.

2.      This application seeks authorization for the interception of wire and electronic communications of Matthew MOORE, Jeremy BURROW, Joshua "Brock" STEWARD, Lauren DAVIS, Tiffany Shea DODD, Wesley OGLE, Erika GREGORY, CHINO, Travis BREWER, Jeffrey LEE, Robert Tyler TOMASHOT, Unidentified Individual 6171, Unidentified Individual 1591, Whitney TAYLOR, Rikki LEDFORD, Barajas ROLANDO, Charles AKINS, Cole GADDIS, Leah Beth CREASMAN, Brandon MILLER, Jay MAYWEATHER, LG MACTAGGART, and others as yet unknown ("TARGET SUBJECTS"), concerning distribution and possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1); Conspiracy to commit and attempts to commit these offenses, in violation of Title 21, United States Code, Section 846; Use of a communications facility in facilitating the commission of the foregoing offenses in violation of Title 21, United Stated Code, Section 843(b); Money laundering of drug trafficking proceeds and conspiracy to launder money, in violation of 18 U.S.C. Section 1956 and 1957 ("TARGET OFFENSES").

3.      Pursuant to Section 2516 of Title 18, United States Code, Acting Deputy Assistant Attorney General Jennifer A.H. Hodge, a duly designated official of the Criminal Division, United States Department of Justice, having been specially designated by the Attorney General of the United States, pursuant to Order Number 4417-2019, dated March 25, 2019, has authorized this application. Attached to this application is a copy of the Attorney General's Order of Special Designation and the Memorandum of Authorization for this application.

4.      I have discussed all of the circumstances of the offenses and this application with Drug Enforcement Administration ("DEA") Special Agent Joshua Tripp, and have examined his

affidavit, which is attached to this application and is incorporated herein by reference. Based upon that affidavit, your Applicant states upon information and belief that:

5.    There is probable cause to believe that the TARGET SUBJECTS, and other persons as yet unknown, have committed, are committing, and will continue to commit the TARGET OFFENSES described above.

6.    There is probable cause to believe that particular wire and electronic communications of the TARGET SUBJECTS, and other persons as yet unknown, concerning the TARGET OFFENSES will be obtained through the interception of wire and electronic communications occurring to and from the cellular telephone bearing telephone number (423) 331-8108, with IMEI number 355388094869088, subscribed to by an unknown subscriber through Tracfone ("TT2" or "TARGET TELEPHONE"), and used by Matthew Moore.

7.    There is also probable cause to believe that particular wire and electronic communications of the TARGET SUBJECTS, and other persons as yet unknown, concerning the TARGET OFFENSES will be obtained through the interception of wire and electronic communications – including, but not limited to, Facebook Messenger messages; private messages; chats; deleted messages; draft messages; all other communications and messages made or received; "Wall" postings; comments; status updates; photographs, videos, and other recordings; electronic links; "check ins"; and "Friend" requests; along with all other communications and messages made or received – through Facebook Account Number 100001474317777, ("FB1" or "TARGET FACEBOOK ACCOUNT"), with service provided by Facebook, Inc. ("Facebook") under account identifier www.facebook.com/honda.945. [1]

---

[1] On October 18, 2019, this Court authorized the interception of electronic communications occurring over the TARGET FACEBOOK ACCOUNT. This application seeks

8.     In particular, there is probable cause to believe that these electronic and wire communications occurring over the TARGET TELEPHONE and TARGET FACEBOOK ACCOUNT will concern the specifics of the TARGET OFFENSES, including the nature, extent and methods of operation of the TARGET SUBJECTS' unlawful activities; the identity of the TARGET SUBJECTS, their accomplices, aiders and abettors, co-conspirators and participants in their illegal activities; the receipt and distribution of narcotics and money involved in those activities; the locations and items used in furtherance of those activities; the existence and locations of records relating to those activities; the location and source of resources used to finance their illegal activities; and the location and disposition of the proceeds from those activities.  In addition, the communications are expected to constitute admissible evidence of the commission of the TARGET OFFENSES.

9.     Normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or are too dangerous to employ, as is described in further detail in the attached affidavit.

10.     The attached affidavit of DEA Special Agent Joshua Tripp contains a full and complete statement of the facts concerning all previous applications known to me and the authorizing individual made to any judge for authorization or approval of the interception of the wire, oral, or electronic communications involving any of the same persons, facilities, or places specified in this application.

---

authorization for the interception of wire communications and the continued interception of electronic communications to and from the TARGET FACEBOOK ACCOUNT

11.     There is probable cause to believe that the TARGET TELEPHONE and TARGET

FACEBOOK ACCOUNT have been, are being, and will continue to be used in connection with

the commission of the TARGET OFFENSES.

WHEREFORE, IT IS HEREBY REQUESTED, based on the allegations set forth in this

Application and on the attached affidavit, that this Court issue an Order, pursuant to Section

2518 of Title 18, United States Code, authorizing Special Agents of the DEA, other duly

authorized state and local law enforcement officers working under the supervision of DEA,

government personnel acting under the supervision of the DEA, and personnel acting under

contract to and supervision of DEA to intercept wire and electronic communications to and from

the TARGET TELEPHONE and wire and electronic communications to and from TARGET

FACEBOOK ACCOUNT.

IT IS FURTHER REQUESTED that such interceptions shall not terminate automatically

after the first interception that reveals the manner in which the alleged co-conspirators and others

conduct their illegal activities, but may continue until all communications are intercepted which

fully reveal the manner in which the TARGET SUBJECTS and others as yet unknown are

committing the TARGET OFFENSES, and which reveal fully the identities of their confederates,

their places of operation, and the nature of the conspiracy, but not to exceed a period of thirty

(30) days measured from the date the Court enters the Order.

IT IS FURTHER REQUESTED that the authorization given apply to the TARGET

TELEPHONE number listed above, and also to any other telephone number subsequently

assigned to an instrument bearing the same international mobile equipment identification number

used by the target telephone, and to any other international mobile equipment identification

number to which the TARGET TELEPHONE number referenced above is assigned, within the

thirty-day period. The authorization is also intended to apply to the TARGET TELEPHONE number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the TARGET TELEPHONE while the telephone is off the hook or otherwise in use.

IT IS FURTHER REQUESTED that this Court order that Verizon Wireless, or any other subsequent service provider notify the Applicant immediately if and when the IMSI, ESN/MEID/IMEI, or telephone number for the TARGET TELEPHONE is changed or supplied to another service provider.

IT IS FURTHER REQUESTED that this Court issue an Order pursuant to Section 2518(4) of Title 18, United States Code, that Verizon Wireless, or any other subsequent service provider of wire or electronic communication service, as defined in Section 2510(15) of Title 18, United States Code, shall furnish the DEA forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over the TARGET TELEPHONE, with the service provider(s) being compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2518(3), that in the event that the TARGET TELEPHONE is used outside the territorial jurisdiction of this Court, interceptions may continue in the Eastern District of Tennessee, where communications over the TARGET TELEPHONE will first be heard and/or read and minimized.

IT IS FURTHER REQUESTED that this Court issue an Order pursuant to Section 2518(4) of Title 18, United States Code, that Facebook, or any other subsequent service provider of wire or electronic communication service, as defined in Section 2510(15) of Title 18, United States Code, shall furnish the DEA forthwith all information, facilities, and technical assistance necessary to accomplish the interceptions unobtrusively and with a minimum of interference with the services that such provider is according the persons whose communications are to be intercepted, and to ensure an effective and secure installation of electronic devices capable of intercepting wire and electronic communications over the TARGET FACEBOOK ACCOUNT, with the service provider(s) being compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2518(3), that in the event that the TARGET FACEBOOK ACCOUNT is used outside the territorial jurisdiction of this Court, interceptions may continue in the Eastern District of Tennessee, where communications over the TARGET FACEBOOK ACCOUNT will first be heard and/or read and minimized.

IT IS FURTHER REQUESTED that, in the event that any of the above-referenced Service Providers changes during the course of interception, interception may continue with the new Service Provider(s) without further Order of this Court. The United States will advise this Court of the change of Service Providers in the periodic progress report submitted to this Court.

IT IS FURTHER REQUESTED that, to avoid prejudice to the Government's criminal investigation, the Court order the above-named providers or any other provider of wire or electronic communication service and its agents and employees not disclose or cause a disclosure of this Order or the request for information, facilities, and assistance by the DEA or the existence of the investigation to any person other than those of its agents and employees who require said

information to accomplish the services as ordered. In particular, said provider(s) and any other provider of wire or electronic communication service to the TARGET TELEPHONE and wire and electronic communication to the TARGET FACEBOOK ACCOUNT and their agents and employees should be ordered not make such disclosure to a lessee, telephone subscriber, or any TARGET SUBJECT or participant in the intercepted communications.

IT IS FURTHER REQUESTED that this Court direct that its Order be executed as soon as practicable after it is signed, and that all monitoring of wire and electronic communications be conducted in such a way as to minimize the interception and disclosure of communications not relevant to the investigation, or otherwise criminal in nature. Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception must be suspended immediately when it is determined through voice identification, physical surveillance, or otherwise, that none of the named interceptees or any of their confederates, when identified, are participants in the conversation, unless it is determined during a portion of the conversation already overheard that the conversation is criminal in nature. If the conversation is minimized, the monitoring agent may spot-check to ensure that the conversation has not turned to criminal matters. Special attention shall be given to minimize all privileged communications.

IT IS FURTHER REQUESTED that pursuant to 18 U.S.C. § 2518(5), in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. In the event the translator is not a

federal agent, the translator, whether a language-trained support employee or someone under contract with the Government, will be under the direct supervision of a federal agent.

IT IS FURTHER REQUESTED that this Court direct that all monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code. Each electronic communication will be reviewed over a secure system, and based on the identities of the sender and recipient and the content of the message, monitoring personnel will determine as soon as practicable after interception whether the message appears to be relevant to the investigation or otherwise criminal in nature. If the message is not criminal in nature, the message will be marked "minimized" and not accessed by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team. If an electronic communication appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" and may be shared with the other agents and monitors involved in the investigation. If a text message is marked "minimized" or "privileged," it will not be disseminated to members of the investigative team. All intercepted messages will be sealed with the court upon the expiration of the court's Order authorizing the interception. It is anticipated that the monitoring location will not be staffed at all times, but will be staffed at regular hours, at which time intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed). However, even when unmanned, the monitoring location will be kept secured with access limited to only authorized monitoring personnel and their supervising agents.

Electronic communications over the TARGET TELEPHONE will be intercepted, pursuant to the Communications Assistance for Law Enforcement Act ("CALEA"), 47 U.S.C. §

1001 *et seq.*, in part through receipt from the service provider of "packet data," an electronic data stream. That packet data stream, pursuant to CALEA, will be delivered to DEA's electronic communications collection system, and when certain technology (including VoIMS, VoLTE, 4G, and others) is employed by the cellular service provider, that packet data stream will include a complete copy of all voice calls (which are wire communications) occurring over the target phone. Those voice calls in the packet data stream are duplicates of wire communications that may be intercepted through DEA's wire communications collection system and minimized in real-time. The packet data, including the copies of voice calls, cannot be minimized in real-time. Therefore, DEA will utilize a filter program in its electronic communications collection system that will automatically identify and block voice calls from being intercepted in the packet data stream by filtering them out of the packet data stream before they are recorded. Those voice calls in the packet data stream will not be "intercepted" within the meaning of 18 U.S.C. § 2510(4) (defining "intercept" as the "aural or other *acquisition*" of the contents of a communications) (emphasis added). However, on rare occasions, a voice call might not be filtered out of the packet data stream due to circumstances including unanticipated technology changes by the service provider or imperfect operation of the filter program. If a voice call is not filtered out and is recorded in DEA's electronic communications collection system, the call will not be monitored or otherwise accessed through the electronic communications presentation system, and DEA will preserve and seal such communications in the same manner as other intercepted electronic communications.

IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B) and (d), the Court issue an Order directing that Verizon Wireless and Facebook, and any other subsequent service provider, providers of electronic communications services as

defined in Title 18, United States Code, Section 2510(15), shall disclose to the applicant and the DEA the following information relevant to this investigation, as set forth in Title 18, United States Code, Section 2703(c)(2)(A)-(F), pertaining to the TARGET TELEPHONE and the TARGET FACEBOOK ACCOUNT, and the telephone number, Facebook profile, or other identifying feature assigned to, or used by, the TARGET TELEPHONE and the TARGET FACEBOOK ACCOUNT, or other devices that place or send wire or electronic communications to, or receive wire or electronic communications from, the TARGET TELEPHONE, or send or receive wire or electronic communications to or from the TARGET FACEBOOK ACCOUNT, within 24 hours of said request, including weekends and holidays, there being offered specific and articulable facts showing that there are reasonable grounds to believe that the information sought is relevant and material to an ongoing criminal investigation as set forth more fully in the affidavit: subscriber name; subscriber address; historical local and long distance telephone connection records, or records of session times and durations; length of service (including start date) and types of services utilized; telephone or instrument number or other subscriber identification number (including but not limited to International Mobile Subscriber Identity number, Mobile Subscriber Identity Number, International Mobile Equipment Identity number, Universal Mobile Equipment Identity number, Electronic Serial Number, and Mobile Equipment Identity number); and means and source of payment for service (including any credit card or bank account number).

IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Sections 3122, 3123, and 3124, the Court issue an Order directing that the DEA shall install and use a pen register and trap and trace device (including but not limited to "caller identification") for up to 60 days on the TARGET TELEPHONE, to acquire and collect dialing, routing, addressing, and

signaling information associated with each wire or electronic communication to and from the TARGET TELEPHONE, including, but not limited to: a) any unique identifiers associated with the cell phones, including ESN, MEID, IMSI, IMEI, or MIN; b) source and destination telephone numbers and email addresses; and c) date, time and duration of all communications. This should include dialing, routing, addressing, or signaling information transmitted on the Service Provider's packet-switched data network by "push-to-talk" technology, a.k.a. "Direct Connect," to provide digital two-way communication. The Applicant certifies that the information likely to be obtained by the installation and use of the pen register and trap and trace device is relevant to the ongoing criminal investigation conducted by the DEA and discussed in the affidavit. Pursuant to Title 18, United States Code, Sections 3123(b)(2) and 3124, it is requested that the Service Provider(s) shall furnish all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device. The Service Provider(s) shall be reasonably compensated by the DEA for such reasonable expenses incurred in providing such facilities and assistance.

IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Sections 3122, 3123, and 3124, the Court issue an Order directing that the DEA shall install and use a pen register and trap and trace device (including but not limited to "caller identification") for up to 60 days on the TARGET FACEBOOK ACCOUNT, to acquire and collect, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the TARGET FACEBOOK ACCOUNT, including but not limited to, IP addresses, including IP addresses associated with access to the TARGET FACEBOOK ACCOUNT; port numbers, including port numbers associated with access to the TARGET FACEBOOK ACCOUNT; MAC addresses, including MAC addresses associated with access to the TARGET

FACEBOOK ACCOUNT; any unique identifiers associated with the device or devices used to access the TARGET FACEBOOK ACCOUNT; information regarding the source and destination network addresses – as well as the routes of transmission and size – of Facebook messages, chats, and/or video calls; and the number, type, and size of any attachments sent or received by the TARGET FACEBOOK ACCOUNT. The Applicant certifies that the information likely to be obtained by the installation and use of the pen register and trap and trace device is relevant to the ongoing criminal investigation conducted by the DEA and discussed in the affidavit. Pursuant to Title 18, United States Code, Sections 3123(b)(2) and 3124, it is requested that the Service Provider(s) shall furnish all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device. The Service Provider(s) shall be reasonably compensated by the DEA for such reasonable expenses incurred in providing such facilities and assistance.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 2703(c)(1)(A), Federal Rule of Criminal Procedure 41, and 18 U.S.C. § 3122-24, that the Court issue an Order authorizing agents of the DEA to ascertain the physical location of the TARGET TELEPHONE during the authorized period of interception and to obtain information regarding the location of the TARGET TELEPHONE during the 60 days preceding the date that the order is entered (the "Requested Location Information"). As explained in more detail in the Affidavit, there is probable cause to believe that the location of the TARGET TELEPHONE during that period will constitute evidence of the TARGET OFFENSES. The Requested Location Information includes, but is not limited to: real-time E-911 Phase II data or other precise location information concerning the TARGET TELEPHONE during the authorized period of interception; records reflecting the cell tower and sector through which communications over the TARGET

TELEPHONE were made ("cell-site location information") during the 60 days preceding the date that the order is entered; and real-time cell-site location information for the TARGET TELEPHONE during the authorized period of interception. Because the government seeks the disclosure of prospective cell-site location information pursuant to the combined authority of 18 U.S.C. § 2703(c)(1)(A) and 18 U.S.C. § 3123, the Applicant hereby certifies, pursuant to 18 U.S.C. § 3122, that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by DEA and discussed in the affidavit.

IT IS FURTHER REQUESTED that the Court direct Verizon Wireless to disclose the Requested Location Information concerning the TARGET TELEPHONE during the authorized period of interception, and to initiate a signal to determine the location of the TARGET TELEPHONE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the information, facilities and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the TARGET TELEPHONE, at any time of day or night, owing to the potential need to locate the TARGET TELEPHONE outside of daytime hours.

IT IS FURTHER REQUESTED, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information for a period not to exceed 120 days from the date that the order is entered. There is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the TARGET TELEPHONE would seriously jeopardize the ongoing investigation, as

such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. The period of delay may thereafter be extended by the court for good cause shown.

IT IS FURTHER REQUESTED that the Court order Assistant United States Attorney Kyle J. Wilson, or any other Assistant United States Attorney familiar with the facts of this case, to provide this Court with reports, on or about the 15th day following the date of this Order, showing what progress has been made toward achievement of the authorized objectives and the need for continued interception. If a report should become due on a weekend or holiday, it is requested that such report shall become due on the next business day thereafter. If the Court's Order is extended for a further period of interception, it is requested that the application for extension may serve as the report on or about the thirtieth day.

IT IS FURTHER REQUESTED that no inventory or return of the results of the foregoing interception need be made, other than the above-required reports, before 90 days from the date of the expiration of this Order, or any extension of the Order, or at such time as the Court in its discretion may require.

IT IS FURTHER REQUESTED that, upon an ex parte showing of good cause to a judge of competent jurisdiction, the service of the above inventory or return may be postponed for a further reasonable period of time.

IT IS FURTHER REQUESTED that the Court's Order, the Application, Affidavit, and all interim reports filed with this Court with regard to this matter be sealed until further order of this Court, except that copies of the Order, in full or redacted form, may be served on the DEA and the service provider(s) as necessary to effectuate the Court's Order.

Respectfully submitted this 14th day of November, 2019.

Kyle J. Wilson,
Assistant United States Attorney

SUBSCRIBED and SWORN to before me on this 14th day of November, 2019.

Hon. Travis R. McDonough
UNITED STATES DISTRICT JUDGE



**U.S. Department of Justice**

Criminal Division

_Washington, D.C. 20530_

NOV 1 3 2019

<u>MEMORANDUM</u>

TO:      J. Robert Bryden, Acting Director
              Office of Enforcement Operations
              Criminal Division

ATTN:    Kyle Wilson

FROM:    Brian A. Benczkowksi
              Assistant Attorney General
              Criminal Division

SUBJECT:  Authorization for Interception Order Application


      This is with regard to your recommendation that an appropriately designated official of the Criminal Division authorize an application to a federal judge of competent jurisdiction for an order under Title 18, United States Code, Section 2518, authorizing for a thirty (30) day period the initial interception of wire communications occurring to and from the cellular telephone bearing the number (423) 331-8108, with no subscriber information, and the Facebook account number 100001474317777, with account identifier www.facebook.com/honda.945, in connection with an investigation into possible violations of Title 21, United States Code, Sections 841, 843, and 846, and Title 18, United States Code, Sections 1956 and 1957, by Matthew Moore, Jeremy Burrow, Joshua Steward, Lauren Davis, Tiffany Shea Dodd, Wesley Ogle, Erika Gregory, "Chino," Travis Brewer, Jeffrey Lee, Robert Tyler Tomashot, Unidentified Individual 6171, Unidentified Individual 1591, Whitney Taylor, Rikki Ledford, Barajas Rolando, Charles Akins, Cole Gaddis, Leah Beth Creasman, Brandon Miller, Jay Mayweather, LG MACTAGGART, and others as yet unknown.

      By virtue of the authority vested in the Attorney General of the United States by Section 2516 of Title 18, United States Code, the Attorney General has by Order Number 4417-2019, dated

March 25, 2019, designated specific officials in the Criminal Division to authorize applications for court orders authorizing the interception of wire or oral communications. As a duly designated official in the Criminal Division, this power is exercisable by the undersigned. WHEREFORE, acting under this delegated power, the appropriately designated official authorizes the above-described application to be made by any investigative or law enforcement officer of the United States as defined in Section 2510(7) of Title 18, United States Code.

The authorization given applies to the target telephone number listed above, and also to any other telephone number subsequently assigned to an instrument bearing the same international mobile equipment identification number used by the target telephone, and to any other international mobile equipment identification number to which the target telephone number referenced above is assigned, within the thirty-day period. The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

_____
Brian A. Benczkowski
Assistant Attorney General
Criminal Division

**NOV 1 3 2019**

_____
Date

JENNIFER A.H. HODGE
DEPUTY ASSISTANT ATTORNEY GENERAL (ACTING)
CRIMINAL DIVISION



NOV 1 3 2019

The Honorable J. Douglas Overbey
United States Attorney
Eastern District of Tennessee
Chattanooga, Tennessee

    Attention:  Kyle Wilson
           Assistant United States Attorney

Dear Mr. Overbey:

  An appropriate official approves an application to be made to a federal judge of competent jurisdiction for an order under Section 2518 of Title 18, United States Code, authorizing for a thirty day period the initial interception of electronic communications occurring to and from the cellular telephone bearing the number (423) 331-8108, with no subscriber information, and the continued interception of electronic communications occurring to and from the Facebook account number 100001474317777, with account identifier www.facebook.com/honda.945, in connection with an investigation into possible violations of federal felonies, by Matthew Moore, Jeremy Burrow, Joshua Steward, Lauren Davis, Tiffany Shea Dodd, Wesley Ogle, Erika Gregory, "Chino," Travis Brewer, Jeffrey Lee, Robert Tyler Tomashot, Unidentified Individual 6171, Unidentified Individual 1591, Whitney Taylor, Rikki Ledford, Barajas Rolando, Charles Akins, Cole Gaddis, Leah Beth Creasman, Brandon Miller, Jay Mayweather, LG MACTAGGART, and others as yet unknown.

  The above-described application may be made by you or any other attorney on your staff who is an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code.

  The authorization given applies to the target telephone number listed above, and also to any other telephone number subsequently assigned to an instrument bearing the same

international mobile equipment identification number used by the
target telephone, and to any other international mobile
equipment identification number to which the target telephone
number referenced above is assigned, within the thirty-day
period. The authorization is also intended to apply to the
target telephone number referenced above regardless of service
provider.

                            Sincerely,


                            _____
                            Brian A. Benczkowski
                            Assistant Attorney General
                            Criminal Division


                                 NOV 1 3 2019
                            _____
                            Date



                            JENNIFER A.H. HODGE
                            DEPUTY ASSISTANT ATTORNEY GENERAL (ACTING)
                            CRIMINAL DIVISION



**Office of the Attorney General**
**Washington, D. C. 20530**

ORDER NO. 4417-2019

SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND
NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT
ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS

By virtue of the authority vested in me as the Attorney General, including 28 U.S.C. § 510, 5 U.S.C. § 301, and 18 U.S.C. § 2516(1), and in order to preclude any contention that the designations by the prior Attorney General have lapsed, the following officials are hereby specially designated to exercise the power conferred by Section 2516(1) of Title 18, United States Code, to authorize applications to a federal judge of competent jurisdiction for orders authorizing or approving the interception of wire and oral communications by the Federal Bureau of Investigation or a federal agency having responsibility for the investigation of the offense(s) as to which such application is made, when such interception may provide evidence of any of the offenses specified in Section 2516 of Title 18, United States Code:

1.    The Assistant Attorney General in charge of the Criminal Division, any Acting Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the Criminal Division;

2.    The Assistant Attorney General for National Security, any Acting Assistant Attorney General for National Security, any Deputy Assistant Attorney General for National Security, and any Acting Deputy Assistant Attorney General for National Security, with respect to those matters delegated to the supervision and responsibility of the Assistant Attorney General for National Security. These officials of the National Security Division shall exercise this authority through, and in full coordination with, the Office of Enforcement Operations within the Criminal Division.

Attorney General Order No. 3854-2017 of February 27, 2017, is revoked effective at 11:59 p.m. of the day following the date of this order.

3/25/2019
Date

William P. Barr
Attorney General



U.S. Department of Justice

Criminal Division

## Title III Implementation Information

With regard to the attached authorization of your request to apply for a court order authorizing an interception pursuant to Title III, please be advised of the following:

**Review Authorization Memorandum** - It is the final responsibility of the applicant to review the Authorization Memorandum to ensure accuracy. The Authorization Memorandum must be **ATTACHED** when submitting your application for court authorization. In particular, please verify that the target facility identifiers, statutory violations, and target subjects are accurate and consistent with the affidavit, application, and order you submitted for review to OEO.

**Pending Charges / Privileged Communications** - Monitoring personnel must exercise care to avoid intercepting communications involving a recognized privilege or communications of persons under indictment that may pertain to the strategy that they contemplate employing as a defense. If such a communication is overheard inadvertently, monitoring personnel are to make notation of the incident in the intercept log and make an immediate report to the attorney who is supervising the interception.

**Sealing** - It is the obligation of the supervising attorney to ensure that recordings of intercepted conversations are protected adequately, and are sealed by the court on a regular basis. This should occur at the end of each 30-day period, preferably even if the interception is authorized to continue beyond the initial 30-day period. If there is a break in the interception period, the supervising attorney should ensure that recordings are sealed by the court as soon as practicable thereafter.

**Computation of the 30-Day Period** - Because of conflicting court decisions regarding the counting of the 30-day period for purposes of Title III interceptions, the supervising attorney should ensure that the method of computing time complies with District precedent and practice. Monitoring personnel should be alerted to the date interceptions must be discontinued absent an extension by court order authorizing continued interceptions.

**Extensions** - All extensions **MUST** be approved by the Criminal Division before they are filed with the court.

**Reporting** - Section 2519 of Title 18, United States Code, requires that the Attorney General make an annual report to the Administrative Office of the United States Courts (AOUSC) each year regarding electronic surveillance by a federal agency under Title III. The statute requires you, through your investigative agency, to report specific post surveillance information, i.e., the number of resulting trials, the number of motions to suppress, whether the motions were granted or denied, and the number of convictions. These reports are compiled by AOUSC and provided to Congress and the public.

**Contact and Submission** - OEO's Electronic Surveillance Unit (ESU) can be reached at (202) 514-6809. The ESU duty attorney can be reached at (202) 353-5265. Requests for surveillance authorized under T-III must be submitted to ESU by email through ESU.Requests@usdoj.gov or through our FAX-to-email server on (803) 726-2180.